UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

August 23, 2018

LETTER TO COUNSEL

RE: *John Lee Easton, Jr. v. Commissioner, Social Security Administration*;
Civil No. SAG-16-530

Dear Counsel:

Frederick A. Raab, Esq. has filed a motion for attorney's fees pursuant to the Social Security Act ("SSA"), 42 U.S.C. § 406(b), in conjunction with his representation of John Lee Easton, Jr. before this Court. ECF 25. In response, the Commissioner asked this Court to consider whether Mr. Raab's requested amount constitutes a reasonable fee. ECF 26. I have considered those filings. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the reasons set forth below, Mr. Raab's motion for attorney's fees is GRANTED.

In this case, Mr. Easton, Jr. was awarded $64,281.00 in past due benefits, twenty-five percent of which, $16,070.25, was withheld to pay attorney's fees in an amount approved by this Court. ECF 25. Importantly, Mr. Raab was also awarded $3,704.24 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"). ECF 24. Here, however, no EAJA fee reimbursement is required, because the Social Security Administration previously garnished the full $3,704.24. ECF 25-3; *see Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); *Stephens ex rel. R.E. v. Astrue*, 565 F.3d 131, 135 (4th Cir. 2009).

The SSA authorizes a reasonable fee for successful representation before this Court, not to exceed twenty-five percent of a claimant's total past-due benefits. 42 U.S.C. § 406(b). Although contingent fee agreements are the "primary means by which fees are set" in Social Security cases, a court must nevertheless perform an "independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. In this case, Mr. Raab and Mr. Easton, Jr. entered into a contingent fee agreement, by which Mr. Easton, Jr. agreed to pay Mr. Raab twenty-five percent of all retroactive benefits to which he might become entitled. ECF 25-4. In a previous motion for attorney's fees pursuant to the EAJA, Mr. Raab submitted an itemized report documenting the 19 hours he expended before this Court in Mr. Easton, Jr.'s case. ECF 22-7. If Mr. Raab receives the full amount of fees he requests, his fee for representation before this Court will effectively total $845.80 per hour. *Id.* Mr. Raab must therefore show that an effective rate of $845.80 per hour is reasonable for the services he rendered. *See Gisbrecht*, 535 U.S. at 807.

In determining whether a request for attorney's fees under section 406(b) is reasonable, the Supreme Court has explained that a reviewing court may properly consider the "character of

the representation and the results the representative received." *Id.* In this case, Mr. Raab's requested fee results in slightly less than double the top hourly rate that is presumptively reasonable for attorneys of his experience level pursuant to the guidelines appended to the Local Rules of this Court.[1] Courts in the Fourth Circuit have approved contingency fee agreements that produce similar hourly rates in successful Social Security appeals. *See, e.g.*, *Melvin v. Colvin*, No. 5:10-CV-160-FL, 2013 WL 3340490 (E.D.N.C. July 2, 2013) (approving contingency fee agreement with hourly rate of $1,043.70); *Claypool v. Barnhart*, 294 F. Supp. 2d 829, 833 (S.D.W. Va. 2003) (approving contingency fee agreement with hourly rate of $1,433.12); *Lehman v. Colvin*, Civil No. SAG-12-2160 (D. Md. July 7, 2016) (unpublished) (approving contingency fee agreement with hourly rate of $1,028.14). Although Mr. Raab's requested rate exceeds the typical rate awarded by this Court for attorney's fees in Social Security appeals, this case presents a set of factual circumstances which allow me to conclude that the rate is warranted.

With respect to the results Mr. Raab's representation obtained, as in *Melvin*, upon the filing of Mr. Easton, Jr.'s motion for summary judgment, (ECF 17), the Defendant entered into a consent motion for remand to the Commissioner. ECF 21. Thus, like in *Melvin*, Mr. Raab's success in achieving a remand "resulted in a substantial benefit award for plaintiff," and his "[21]–page memorandum, [ECF 17-2], in support of plaintiff's motion for [summary] judgment . . . contain[ed] a thorough analysis of both the facts and law particular to each of the three distinct issues raised." *Melvin*, 2013 WL 3340490, at *3; ECF 17-2. Had Mr. Raab failed to make a compelling argument on Mr. Easton, Jr.'s behalf, the Commissioner would have filed an opposition instead of a consent motion for remand. *See Melvin*, 2013 WL 3340490, at *3.

Turning to the character of Mr. Raab's representation, I note that Mr. Raab's performance in this case was both highly effective and highly efficient. Mr. Easton, Jr. obtained a finding of disability as a result of Mr. Raab's dedicated effort over the nearly seventeen (17) months it took to complete the appeal. There is "no doubt" that Mr. Raab's thirty-plus years of experience in handling social security cases "contributed to the uncontested remand [he] achieved for plaintiff." *Id.* Likewise, completing the proceedings in less than a year and a half, Mr. Raab "has not delayed proceedings so as to increase the amount of past-due benefits." *Id.* Thus, the award need not be reduced due to any delay in the litigation. *See Gisbrecht*, 535 U.S. at 808; *Bowser v. Astrue*, No. PWG-09-969, 2011 WL 673767, at *2 (D. Md. Feb. 17, 2011). Finally, I note that, in addition to the parties' fee agreement, Mr. Easton, Jr. submitted an affidavit to the Court confirming that he assigned all "right, title and interest in any attorney fee that may be awarded" unto his attorney, Mr. Raab. ECF 22-3; *see Bowser*, 2011 WL 673767, at *3 (according "some weight" to the claimant's consent to the fee requested). Indeed, "Social Security representation operates largely on a contingency fee basis," *Gisbrecht*, 535 U.S. at 804, which "provide[s] access to counsel for individuals," like Mr. Easton, Jr., "who would otherwise have difficulty obtaining representation," *In re Abrams & Abrams*, *P.A.*, 605 F. 3d 238, 245 (4th

---

[1] Although they do not govern Social Security cases, the Local Rules prescribe guidelines for determining attorneys' fees in certain cases, which are instructive in evaluating the reasonableness of the effective hourly rate in this case. *See* Loc. R. App'x B (D. Md. 2016). For attorneys admitted to the bar for a period of twenty (20) years or more, the presumptively reasonable hourly rate is between $300 and $475.00 per hour. *Id.*

*John Lee Easton, Jr. v. Commissioner, Social Security Administration*;
Civil No. SAG-16-530
August 23, 2018
Page 3

Cir. 2010). Accordingly, given Mr. Raab's extensive experience and the unique circumstances of this case, the fee requested by Mr. Raab is reasonable.

For the reasons set forth herein, Mr. Raab's motion for attorney's fees (ECF 25) will be GRANTED for $16,070.25.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge